UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY LYNN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:19-cv-0515- JLT<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS, SOCIAL SECURITY CASE DOCUMENTS, AND SCHEDULING ORDER<br><br>ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT |

Misty Harris seeks judicial review of a determination of the Social Security Administration denying her application for benefits. Previously, the Court found the information alleged was insufficient to determine the request for judicial review was timely, and dismissed the complaint with leave to amend. Plaintiff's First Amended Complaint (Doc. 6) is now before the Court for screening. For the following reasons, the Court finds service of the First Amended Complaint is appropriate.

**I.    Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

1

not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

The Court must screen the First Amended Complaint because the amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II. Pleading Standards

General rules for pleadings are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

### III. Discussion and Analysis

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 6) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

Plaintiff alleges the Appeals Council responded to a request for review of the decision denying benefits on February 19, 2019, at which time the decision of the administrative law judge became the final decision of the Commissioner. (Doc. 6 at 2) Accordingly, Plaintiff's request for judicial review was to be filed no later than April 25, 2019. Because Plaintiff initiated this action by filing a complaint on April 22, 2019, her complaint was timely under 42 U.S.C. § 405(g).

### IV. Conclusion and Order

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits. Based upon the foregoing, the Court **ORDERS**:

1. The Clerk of Court is DIRECTED to issue summons as to the Commissioner of Social Security;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms; and

3. The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint (Doc. 6), summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated: **May 1, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE